Case No. 25-2932(L), 25-2933(Con)

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

---

NATURAL RESOURCES DEFENSE COUNCIL, INC., ET AL.,
*Petitioners,*

v.

NEW JERSEY DEPARTMENT OF ENVIRONMENTAL
PROTECTION; SHAWN M. LATOURETTE, COMMISSIONER, NEW
JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION,
*Respondents,*

and

TRANSCONTINENTAL GAS PIPELINE COMPANY, LLC
*Respondent-Intervenor.*

---

## NEW JERSEY RESPONDENTS' OPPOSITION TO PETITIONERS' JOINT MOTION FOR EXPEDITED REVIEW

---

MATTHEW J. PLATKIN
Attorney General of New Jersey
JORDAN VIANA
KRISTINA MILES
Deputy Attorneys General
R. J. Hughes Justice Complex
P.O. Box 093
Trenton, New Jersey 08625-0093
*Attorneys for Respondent,*
*New Jersey Department of*
*Environmental Protection and*
*Shawn M. Latourette*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS............................................................................... 1

ARGUMENT ...................................................................................... 2

CONCLUSION ............................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Consitution Pipeline Company v. N.Y. State Dep't of Env't Conservation*,
   Case No. 16-1568 (2d Cir. 2016)..................................................................4, 5

**Statutes**

15 U.S.C. § 717...............................................................................1, 2, 4

**Other Authorities**

Federal Rule of Appellate Procedure 27............................................................ 1, 5

Local Rule 31.2 ..................................................................................5

## PRELIMINARY STATEMENT

Respondents New Jersey Department of Environment Protection and Shawn M. LaTourette (collectively "New Jersey") do not oppose Petitioners' motion to expedite this matter under the Natural Gas Act. However, Petitioners' proposed briefing schedule fails to provide New Jersey with sufficient time to respond. The two Petitioners collectively have sixty days to draft their opening briefs, but their proposed schedule provides New Jersey with only forty-five days to respond to both briefs.

New Jersey respectfully requests that the Court adopt the modified scheduling request below, or in the alternative adopt a schedule with different dates that provides New Jersey with at least sixty days to respond to both of Petitioners' opening briefs. New Jersey's modified schedule request below wholly satisfies the Natural Gas Act's requirement for expedited consideration.

## STATEMENT OF FACTS

Petitioners filed two separate Petitions under the Natural Gas Act, 15 U.S.C. § 717r(d)(1) challenging New Jersey approvals issued to Transcontinental Gas Pipeline Company, LLC for its Northeast Supply Enhancement interstate natural gas pipeline project. *See* Case No. 25-2932; Case No. 25-2933.

1

Petitioners and New Jersey coordinated on a proposed briefing schedule for this matter. In discussions between the parties, New Jersey twice requested at least sixty days to submit its responsive brief to address the separate issues Petitioners' briefs will raise, but Petitioners would not assent. Petitioners stated their clients' primary concern was ensuring the cases were heard no later than the court's June, 2026 sitting. Petitioners also cited concerns over pipeline construction, noting the application materials suggested construction may begin next year. Petitioners' proposed briefing schedule provides New Jersey with forty-five days to file its responsive brief(s). *See* Docket No. 35, page 4.

## **ARGUMENT**

The Natural Gas Act provides the courts with complete discretion to set an expedited schedule. *See* 15 U.S.C. § 717r(d)(5). The Act requires only that the court "set any action brought under this section for expedited consideration." *Ibid*. The Act contains no expedited timeline. *Ibid*. Thus, the court is not required to adopt Petitioners' proposed expedited schedule. The court should instead (i) adopt New Jersey's proposed schedule below, or (ii) adopt a schedule providing New Jersey with at least 60 days to respond to Petitioners' opening briefs. Doing so would ensure that New Jersey would have, at minimum, equal time to draft the responsive brief as Petitioners have for their opening briefs.

Petitioners propose an expedited schedule providing each Petitioner with thirty days to submit their brief, which collectively gives the two Petitioners in this consolidated matter a combined sixty days for their opening briefs. *See* Docket No. 35, page 4. Petitioners propose that New Jersey only have forty-five days to respond to both of Petitioners' opening briefs. This schedule prejudices New Jersey.[1]

In discussions with Petitioners on two separate occasions, New Jersey requested sixty days to file its response to both of Petitioners' opening briefs, but Petitioners twice refused to agree to this request.

Petitioners' proposed schedule seeks to have the cases argued before the end of June, 2026. *See* Docket No. 35, page 2. But Petitioners' Joint Motion does not explain why the matter should be expedited in the timeline they request, or why the case must be argued before the end of June, 2026. They do not allege any injury that may occur should the matter be heard outside their proposed timeline. *See* Docket No. 35.[2]

---

[1] Each Petitioner raises separate issues with New Jersey's approvals in their respective Form C-A. *See* Case No. 25-2932, Docket No. 22, page 2; Case No. 25-2933, Docket No. 21, page 2. New Jersey thus anticipates Petitioners' briefs will each raise separate issues which require a response.

[2] If petitioners' principal concern is construction, then the proper response is to seek a stay of an approval issued by a governmental entity for this project under Federal Rule of Appellate Procedure 18—not a compressed briefing schedule.

New Jersey does not oppose expedited briefing, but merely requests a schedule providing New Jersey with at least the same amount of time that Petitioners collectively have to draft their briefs, since New Jersey will have to respond to both briefs. Further, New Jersey has an extensive and layered internal review process for briefs, and requires at least sixty days to respond.

New Jersey requests that this court adopt the following deadlines for the parties briefs and joint appendix in each of the above-captioned cases:

| | |
|---|---|
| NJDEP Record Filing Deadline | January 6, 2026 |
| Petitioners' Page-Proof Opening Briefs | February 6, 2026 |
| NJDEP's Page-Proof Brief(s) | April 7, 2026 |
| Transco's Page-Proof Brief(s) | April 7, 2026 |
| Petitioners' Page-Proof Reply Briefs | April 24, 2026 |
| Deferred Joint Appendix | May 1, 2026 |
| Final Briefs | May 7, 2026 |

The above schedule expedites this matter as compared to the court's standard briefing schedule under Local Rule 31.2(a), which permits a ninety-one-day briefing deadline. This briefing schedule also sets this action for expeditious consideration as required under the Natural Gas Act. Finally, this briefing schedule provides New Jersey with the same amount of time to file responsive briefs(s) as other expedited appeals brought under 15 U.S.C. §

717r(d)(5), *see*, *e.g.*, Motion Order, *Constitution Pipeline Company v. N.Y. State Dep't of Env't Conservation*, Case No. 16-1568 (2d Cir. May 24, 2016) Docket No. 20 (Natural Gas Act expedited schedule provided Respondents with sixty days to respond to an opening brief).

## CONCLUSION

New Jersey respectfully requests that the court expedite these proceedings according to the above schedule, or in the alternative a schedule with different dates that provides New Jersey with at least sixty days to respond to Petitioners' opening briefs.

Dated: December 15, 2025

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ *Jordan Viana*
        JORDAN VIANA
        Deputy Attorney General
        R.J. Hughes Justice Complex
        P.O. Box 093
        Trenton, NJ 08625
        (609) 900-0897
        Jordan.Viana@law.njoag.gov
        *Counsel for New Jersey Department of Environmental Protection and Shawn M. Latourette*

5

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Appellate Procedure ("FRAP") because this document contains 1198 words.

This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because this document was prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

By:_/s/ *Jordan Viana*_____
      JORDAN VIANA
      Deputy Attorney General
      R.J. Hughes Justice Complex
      P.O. Box 093
      Trenton, NJ 08625
      (609) 900-0897
      Jordan.Viana@law.njoag.gov